**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID STREETER; KATJA STREETER,

Plaintiffs-Appellants,

v.

USAA GENERAL INDEMNITY
COMPANY,

Defendant-Appellee.

No.   23-35086

D.C. No. 9:20-cv-00188-DLC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted November 16, 2023
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and BENNETT,** District
Judge.

This is an insurance recovery case, resulting from two fires that occurred

within a period of twenty-four hours and were investigated by law enforcement as

potential arson.  Plaintiffs-Appellants David and Katja Streeter—the owners of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States Senior District
Judge for the District of Maryland, sitting by designation.

subject property—promptly made a fire loss claim with their insurer, Defendant-Appellee USAA General Indemnity Company ("USAA GIC"). After USAA GIC issued payments in the amount of $644,328.72, the Streeters filed suit in the United States Court for the District of Montana, alleging claims for breach of contract, violations of Montana's Unfair Trade Practices Act, and declaratory judgment, and seeking punitive damages, attorney fees, and costs. At the close of discovery, USAA GIC moved for summary judgment based on the Streeters' failure to cooperate, and the district court ultimately entered summary judgment for USAA GIC on those grounds. On appeal, the Streeters challenge the district court's entry of summary judgment and secondarily seek certification of a question to the Montana Supreme Court regarding the enforcement of a contractual duty to cooperate.

1. We review the district court's grant of summary judgment *de novo* to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017). Having done so, we conclude that summary judgment was properly granted.

The duty to cooperate typically arises from the inclusion of a cooperation clause in an insurance policy—such as the one included in the Streeters' policy.

2

Because this cooperation can fairly be characterized as a duty, the failure to comply can result in the loss of coverage under the policy. *See, e.g., Tran v. State Farm Fire & Cas. Co.*, 961 P.2d 358, 363 (Wash. 1998) (applying Washington law).

As the Streeters filed this action in federal court on the basis of diversity of citizenship, we apply the substantive law of Montana, the forum state. *Med. Lab'y Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). The Montana Supreme Court has not specifically addressed the level of cooperation required in an insurance contract. However, that court has held that an insured's failure to comply with the notice requirement of an insurance policy precludes recovery under the policy if it causes prejudice to the insurer's ability to investigate the claim and participate in litigation. *Steadele v. Colony Ins. Co.*, 260 P.3d 145, 150–51 (Mont. 2011); *Contractors Bonding & Ins. Co. v. Sandrock*, 321 F. Supp. 3d 1205, 1211–12 (D. Mont. 2018). Of import here, the United States District Court for the District of Montana addressed the issue of noncooperation in *Seymour v. Safeco Insurance Company*, an insurance diversity case in which the insured failed to provide the insurer with a written estimate to support a request for additional payment. No. CV 13-49-BU-DLC-RWA, 2014 U.S. Dist. LEXIS 190110 at *2–3 (D. Mont. 2014), *adopted by*, 2015 U.S. Dist. LEXIS 181837 (D. Mont. May 13, 2015). In holding that this noncooperation "preclude[d] any

3

additional recovery under the [p]olicy" and thus the insured's claim for breach of contract failed, *id.* at \*22–23, the court reasoned that "[a]n insured's failure to provide documents requested by the insurer or to submit to an examination under oath impairs an insurer's ability to conduct a legitimate claim investigation to determine whether coverage exists." *Id*. at \*21.

Considering the Montana Supreme Court's decisions in notice-prejudice cases and *Seymour*, we affirm the district court's entry of summary judgment in this case. The district court correctly held that an insurer prevails on a noncooperation defense under Montana law when the insurer establishes: (1) the insured failed to cooperate in a material and substantial respect, (2) with an insurer's reasonable and material request, (3) thereby causing actual prejudice to the insurer's ability to evaluate and investigate a claim.[1]

Considering whether the Streeters failed to cooperate in a material and substantial respect, the record shows that when the Streeters turned their phones over to One Source for the data pull, they presented an authorization that set parameters on the data that USAA GIC could access. After USAA GIC discovered

---

[1] On appeal, the Streeters argue that enforcement of a cooperation clause requires a showing of notice—whether that means a showing of the insurer's repeated requests for the insured's compliance, deliberate conduct by the insured, and/or the insurer's warning to enforce the clause. We decline to embrace such an unworkable, subjective standard, which, as USAA GIC correctly notes, is not part of the relevant policy language.

a discrepancy between the Verizon cell phone records and the extracted data, the insurer requested an expanded scope, including an examination any and all indicators of factory resets, data hiding or similar.  The Streeters authorized USAA GIC to review communications and voicemail but did not authorize USAA GIC to examine indicators of factory resets, data hidings, or the like.  And before USAA GIC received additional extraction reports based on the expanded scope, the Streeters revoked the right for One Source to share any information from the data pulls with USAA GIC entirely.  While the Streeters participated in interviews and provided some of the requested materials,[2]  the Streeters refused to cooperate when USAA GIC requested more information to determine whether the Streeters' statements aligned with the evidence.  The undisputed record clearly reflects that the Streeters failed to substantially cooperate with USAA GIC during its investigation.

"An insured's breach of a cooperation clause releases the insurer from its

---

[2]  In an attempt to show cooperation, the Streeters argue that they "temporarily suspended" authorization until USAA GIC met their demands, and further that their cooperation with other requests is sufficient to establish cooperation.  Both arguments are unpersuasive.  With respect to the Streeters' first argument, placing conditions on cooperation would impede an insurer's ability to conduct a legitimate claim investigation and is contrary to the terms of the policy and the purpose of cooperation clauses more generally.  Turning to the Streeters' second argument regarding evidence of their cooperation, state courts in other jurisdictions routinely reject the notion that initial or partial cooperation is sufficient.  *See, e.g.,* *Pilgrim v. State Farm Fire & Cas. Ins. Co.*, 950 P.2d 479, 484 (Wash. Ct. App. 1997).

responsibilities if the insurer was actually prejudiced by the insured's breach." *Tran*, 961 P.2d at 365. When "insurers are inhibited in their effort to process claims due to uncooperativeness of the insured, they suffer prejudice" as a matter of law. *Id.* at 365–66.

Here, the Streeters did not cooperate with USAA GIC's request for additional information, which impaired USAA GIC's ability to investigate the validity of the claim before issuing substantial payment—$644,328.72—to its insured. Accordingly, the Streeters' failure to cooperate caused actual prejudice to USAA GIC's ability to evaluate and investigate the claim.

At bottom, the district court correctly entered summary judgment for USAA GIC, as the evidence in this case permits but one conclusion—that the Streeters failed to cooperate with USAA GIC during its investigation, prejudicing the insurer's investigation into the set of fires giving rise to the Streeters' claims. As such, we **AFFIRM** the district court's grant of summary judgment to Defendant-Appellee USAA GIC.

2. We have "long looked with disfavor upon motions to certify that are filed after the moving party has failed to avail itself of a prior opportunity to seek certification." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013) (citing *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008)). To overcome the presumption against certification in such instances, "particularly compelling

6

reasons must be shown when certification is requested for the first time on appeal by a movant who lost on the issue below." *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984). The Streeters did not mention the possibility of certification until after the district court entered judgment against them, and they have not shown "particularly compelling reasons" to overcome the presumption against certification. Accordingly, we decline to certify any question to the Montana Supreme Court.

**AFFIRMED.**